UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON CASUALTY CO., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AMBITIOUS LINE SA, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-02292-AMO<br><br>**PRETRIAL ORDER** |

The Court hereby **SETS** the following trial and pretrial deadlines.

**I.　TRIAL DATE**

　　A.　Bench trial will begin on **January 6, 2026, at 8:30 a.m.,** in Courtroom 10, 19th Floor, U.S. District Court, 450 Golden Gate, San Francisco, California.

　　B.　The Court expects the length of the trial to not exceed three (3) court days.

**II.　PRETRIAL CONFERENCE**

　　A.　A Final Pretrial Conference shall be held on **December 4, 2025, at 11:00 a.m.,** in Courtroom 10, 19th Floor. Lead trial counsel for each party shall attend.

　　B.　By no later than **October 23, 2025,** the parties shall do the following:

　　　　1.　In lieu of preparing a Joint Pretrial Conference Statement, the parties shall meet and confer by phone or in person, and then prepare and file a jointly signed Proposed Final Pretrial Order[1] that contains: (a) a brief description of the substance of claims and defenses which remain to be decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a joint exhibit

---

[1] All briefs, filings, and other submissions to the Court shall comply with the formatting requirements set forth in the Civil Local Rules.

list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; (e) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition), including, for all such witnesses (other than party plaintiffs or defendants), a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer; and (f) an estimated division of time over the course of trial, including time for closing arguments, if desired. For each witness listed in item (e), state an hour/minute time estimate for the direct examination (only). Items (d) and (e) should be submitted as appendices to the proposed order. The objective is to convert the proposed order to a final order with the benefit of any discussion at the Final Pretrial Conference.[2]

        2.        File trial briefs on any controlling issues of law.

        3.        File proposed Findings of Fact and Conclusions of Law. Please see Section X for additional guidance.

        4.        File and serve any objections to exhibits.

    C.    Two paper courtesy copies of the above documents shall be delivered by NOON the day after filing. The Joint Proposed Final Pretrial Order shall also be submitted via e-mail to AMOpo@cand.uscourts.gov. The Court requests that all hard-copy submissions be three-hole-punched, double-sided, and in a binder with tabs indicating the name of the document and corresponding docket number.

### III. DEPOSITION AND DISCOVERY DESIGNATIONS

Unless otherwise ordered, by no later than **December 19, 2025,** the parties shall jointly file all designations of deposition testimony or other discovery it wishes to offer, as well as any counter-designations or objections to the deposition testimony or discovery offered by any other

---

[2] Exhibits and witnesses not included in the proposed Joint Pretrial Order pursuant to Paragraph II.B above may not be used in a party's case-in-chief and may not be used during cross examination of the other side's case-in-chief (other than for impeachment). Defense witnesses are considered case-in-chief witnesses, not "rebuttal" witnesses. Objections to exhibits not raised pursuant to Paragraph II.B are waived.

party. There is no need to lodge deposition transcripts before trial. The lawyers should simply be prepared to hand to the Court a copy of a witness's deposition testimony once it is time to cross-examine them.

## IV. PRETRIAL ARRANGEMENTS

A.  Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with Melinda Lock, Supervisor of the Court Reporting Services, at (415) 522-2079, at least ten (10) calendar days prior to the trial date.

B.  During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all counsel to the maximum extent possible. The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times. The parties shall tape extension cords to the carpet for safety. The parties may work with the deputy clerk, Alexis Solorzano-Rodriguez, at 415-522-2030, on all courtroom-layout issues, which should be finalized at least ten (10) calendar days prior to the trial date.

C.  By no later than **December 5, 2025**, the parties must provide the Court Reporter a jointly-created list of names and places as well as any uncommon terms or acronyms that are likely to come up during the trial.

## V. SCHEDULING

Trial will be conducted from 8:30 a.m. to 1:15 p.m., depending on the availability of witnesses, on Tuesday and Wednesday, and 8:00 a.m. to 12:30 p.m. on Thursday, with two 10-minute breaks each day. Counsel must arrive at least 15 minutes before the start of each trial day.

## VI. WITNESSES

At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). The first notice shall be

exchanged prior to the first day of trial. All such notices shall be provided in writing and lodged with the Court.

The parties shall have all upcoming witnesses on the same day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting. If counsel plans to read in a transcript of a deposition, counsel must have a deposition prepared and vetted early on to read into the record.

The parties are encouraged to stipulate where possible, for example, as to the exclusion of witnesses from the courtroom.

## VII. EXHIBITS

A. Prior to the Final Pretrial Conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

B. Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once. If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."

C. The exhibit tag shall be in the following form:

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TRIAL EXHIBIT 100

Case No. _____
Date Entered _____
By_____
        Deputy Clerk
```

Counsel preferably will make the tag up in a color that will stand out (yet still allow for photocopying), but that is not essential. Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank. The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels should indicate the numbers of the exhibits that are in the binders. Each set of exhibit binders should be marked as "Original." Deposit the exhibits with the deputy clerk seven (7) days before the Pretrial Conference. At trial, the parties shall provide individual witness exhibit binders which contain all the exhibits the parties expect to use with the witness. The parties shall provide two copies of each witness binder: one for the witness and one for the Court.

D.   Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

E.   Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order.

F.   Within seven (7) days of the Court ruling on the admissibility of exhibits used at trial, the parties will be required to submit a thumb drive of all exhibits admitted into evidence to chambers.

**VIII.   OBJECTIONS**

In making objections, counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the Court.

**IX.   TIME LIMITS**

In certain cases, the Court will set fixed time limits at the final pretrial conference. All of your examination time (whether direct, cross, re-direct or re-cross) for all witnesses and side bar conference time must fit within your time limit and you may allocate it as you wish. Opening and closing time limits shall be considered separately.

## X. FINDINGS OF FACT AND CONCLUSIONS OF LAW

As noted above, the parties shall submit their proposed findings of fact and conclusions of law by no later than October 23, 2025. The parties will be required to submit revised proposed findings of fact and conclusions of law following the trial, by no later than January 22, 2026. All factual findings must be supported by citations to all pertinent portions of the record. The parties should hyperlink the citations in the proposed findings of fact to the exhibits and trial transcripts and may provide the Court with the proposed findings of fact on a flash drive if needed. Proposed findings shall be brief, written in plain English, and free of pejorative language. In addition to being filed, the proposed findings must be emailed to the Court (AMOpo@cand.uscourts.gov) in Word format.

## XI. NON-COMPLIANCE WITH PRETRIAL ORDER

The parties are on notice that failure to comply with the requirements set forth in this order may result in sanctions, whether in the form of monetary sanctions, involuntary dismissal, or other appropriate order. Late pretrial filings will be struck from the docket. While the parties may seek modest extensions of the deadlines set forth in this order, any request for an extension (whether by stipulation or administrative motion) must be filed at least seven days in advance of the deadline sought to be extended. Extensions that affect any dates on the Court's calendar are unlikely to be granted.

**IT IS SO ORDERED.**

Dated: September 15, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**