UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOUSTON CASUALTY CO., et al.,

Plaintiffs,

v.

AMBITIOUS LINE SA, et al.,

Defendants.

Case No. 24-cv-02292-AMO

**ORDER RE TRIAL BRIEFS**

Re: Dkt. Nos. 46, 50, 52

This is a maritime allision[1] case.  In anticipation of a bench trial, the Court asked the parties to brief any legal questions that could be decided on the papers prior to trial.  Dkt. No. 41. The parties agreed to brief the following issue: "whether the presumption of fault when a vessel collides with a stationary object pursuant to *The Oregon*, 158 U.S. 186,192-193 (1895), applies to this case."  Dkt. No. 44 at 2.  On January 9, 2026, Plaintiffs Houston Casualty Co. and Green Diamond Resources filed a brief arguing that the presumption of fault applies in this action.  Dkt. No. 46.  On February 6, 2026, Defendants Ambitious Line SA, Shikishima Kisen KK, and M/V Grove Island ("the Grove") filed an opposition, Dkt. No. 50, and Plaintiffs' reply brief followed on February 19, 2026, Dkt. No. 52.

The parties agree that on December 18, 2020, the Grove allided with a breasting dolphin[2] while berthing[3] at a woodchip loading dock.  Dkt. No. 34 at 2-3.  The owner of the woodchip

---

[1] "Allision" is a maritime legal term referring to a moving vessel striking a stationary object. *Wardell v. Department of Transportation*, 884 F.2d 510, 511 n.1 (9th Cir. 1989).

[2] A breasting dolphin is a structure alongside a dock, supported by steel piles, used to assist in the berthing of vessels.  Dkt. No. 34 at 2.

[3] Berthing refers to the process of maneuvering a vessel to a dock.  Dkt. No. 34 at 2.

loading dock, Green Diamond Resource Company, and its insurer, Houston Casualty Company, sued for alleged damage to the dock. *Id.* at 2.

"When a moving ship collides with a stationary object, it is presumed that the moving ship is at fault. This presumption operates to shift the burden of persuasion onto the moving ship." *Wardell v. Department of Transportation*, 884 F.2d 510, 512 (9th Cir. 1989) (internal citations omitted); *see also The Oregon*, 158 U.S. 186, 192-93, 197 (1895) (finding "the burden of proof is upon [the moving vessel] to exonerate herself from liability"); *The Clarita*, 90 U.S. 1, 14 (1874) ("if a ship at anchor and one in motion come into collision, the presumption is that it is the fault of the ship in motion"); *The Granite State*, 70 U.S. 310, 313-14 (1865). "The presumption derives from the common-sense observation that moving vessels do not usually collide with stationary objects unless the vessel is mishandled in some way." *Wardell*, 884 F.2d at 512. "It stems also from the observation that 'any evidence of actual negligence, or the lack of it, is likely to be known only to the persons on board [the vessel], who are in the best position to either keep damaging evidence hidden, or bring favorable evidence forward.' " *Id*. (citation omitted).

Defendants do not contest that the Grove struck Plaintiffs' breasting dolphin, a stationary object. Dkt. No. 34. Rather, they argue that the presumption does not apply here because the purpose of a breasting dolphin is to "bugger the impact of a docking vessel." Dkt. No. 50 at 4. There is limited case law on this issue. Circuit courts appear split on whether the presumption applies when a ship hits an object which is designed to come into contact with ships. *Compare White Stack Towing v. Hewitt Oil Co.*, 216 F.2d 776, 778-79 (4th Cir. 1954) ("We are doubtful whether the presumption attaches here, since the breasting dolphins were designed for the very purpose of being brought into contact with the docking ship and thereby having the ship held fast."), *with Am. Petrofina Pipeline Co. v. M/V Shoko Maru*, 837 F.2d 1324, 1326 (5th Cir. 1988) ("Remarks of the district court indicate that the court may have believed the presumption to be inapplicable in cases where damage occurs to parts of wharves designed to come into contact with ships . . . [i]f the district court did so hold, the court erred.").

A number of district court decisions have held that the presumption of fault does not apply when a ship hits an object that is intended to absorb the impact of docking. *See Kure Shipping*

*S.A. v. Louisiana Pacific Corp.* No. 98-CV-648, 2001 WL 34037327, at *14 (N.D. Cal. Aug. 27, 2001), *aff'd*, No. 01-17131, 2003 WL 68124 (9th Cir. Jan. 8, 2003) ("the [vessel] struck a fixed object the sole function of which is to absorb the impact of docking.  In such a case, the presumption of negligence is inapplicable."); *Manufacturers Railways Co. v. Riverway Harbor Serv. St. Louis, Inc.*, 646 F. Supp. 796, 798 (E.D. Mo. 1986) (holding the presumption of fault did not apply because "it is ordinary, customary and expected for vessels to exert some force upon the fender barge and piling clusters while positioning barges at the dock.  Since the clusters are designed for the purpose of absorbing the impact of docking, the application of the presumption of fault doctrine under these circumstances would not be correct"); *Mississippi River Grain Elevator, Inc. v. M/V NAI ALBERTO*, 1982 WL 195675, at *2 (E.D. La. June 18, 1982) (concluding the presumption of fault "is not applicable to cases involving fenders of breasting dolphins.  These fe[n]ders should be designed, constructed and maintained to absorb the normal impact of vessels berthing or shifting against them."); *Phillips Petroleum Co. v. Trinidad Corp.*, 1979 WL 6504617, at *1 (M.D. Fla. Sept. 25, 1978) (declining to apply the presumption of fault where "the stationary object [] hit [was] a marine structure, the function and design of which is to buffer the impact of a docking vessel.").  Plaintiffs contend that the Ninth Circuit's decision in *Wardell* binds this Court. Dkt. No. 52 at 2 (citing 884 F2.d at 512).  In *Wardell*, the Ninth Circuit applied the presumption of fault where a boat allided with a dock.  884 F2.d at 511.  However, the dock in *Wardell* was not designed to buffer the impact of a docking vessel, and the court did not address whether the presumption would apply in the instance at bar.  *See id.* at 512-513.  Thus, *Wardell* does not compel the Court to find the presumption applies here.

The Court is persuaded by the reasoning of the district court cases that "it is in the 'ordinary course of things' for a vessel that is in the process of docking to come into contact with a breasting dolphin.  As breasting dolphins are designed for the purpose of absorbing the impact of docking, the application of the presumption of fault doctrine under these circumstances would conflict with common sense." *Phillips Petroleum*, 1979 WL 6504617, at *1.  Accordingly, the Court finds that the presumption of fault does not apply here, where the Grove allided with Plaintiffs' breasting dolphin, the purpose of which is to absorb the impact of a docking vessel.

United States District Court
Northern District of California

Plaintiffs ask the Court to find that, because the contact between the Grove and the breasting dolphin was "out of [the] ordinary[,]" the presumption applies. Dkt. No. 52 at 6. But whether the contact was out of the ordinary is not properly before the Court at this juncture as it is not a legal issue, and instead requires the Court to weigh evidence which is not presently before the Court. Indeed, Defendants did not agree to have that question decided on the briefs at bar. Dkt. No. 50 at 14-15. Plaintiffs are free to produce evidence at trial showing contact between the Grove and the breasting dolphin was out of the ordinary, but the Court declines Plaintiffs' invitation to rule on that question on these papers.

In sum, the Court finds that the presumption of fault does not apply to the instant case, where the Grove allided with a breasting dolphin, the purpose of which was to absorb the impact of docking. The parties **SHALL** meet and confer and, within 14 days, file a joint statement with proposed trial dates, proposed pretrial conference dates, and proposed pretrial submission dates based on the time intervals provided in the Court's previous pretrial order at Dkt. No. 31.

**IT IS SO ORDERED.**

Dated: April 27, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

4